Summers, J.
delivered the opinion of the Court.
Clemmons was indicted for retailing whiskey, and other ardent spirits, and mixtures thereof, to some person to the Jurors unknown, to be drank at the place where sold, without first obtaining a license as prescribed by Law. On the trial of the cause, he moved the Court to instruct the Jury, that, if they were satisfied from the evidence that the liquor charged to have been sold by retail as aforesaid, was the produce of his own estate, or distilled by Mm, it was lawful for' him to retail the same, to be drank where sold, without obtaining a license. This instruction the Court refused to give, and an exception was taken, and this application is to correct the supposed error.
The Counsel of Clemmons insists, that the proviso of the 13th section of the Act regulating Ordinaries, exempts persons retailing-ardent spirits made from the produce of the vendor’s own estate, or distilled by him, from the prohibitions contained in the eighth section of the same Act, although sold to be drank at the place of sale; Such- interpretation would evidently defeat the intention of the Legislature, as deducible from, the whole Statute. This proviso.was intended to secure to agriculturalists, distillers and merchants, the right of retailing ardent spirits, under the particular circumstances therein, mentioned, without '‘being licensed as Ordinary-keepers, provided, such sales were not made subservient to the vice of tippling, which it was the object of the Legislature to suppress.
The words, “so as such liquor be not drank at the house or plantation where the same shall be sold,” in the thirteenth section,, are therefore to be regarded as applying to each description of persons previously enumerated therein. It is contended, that this interpretation renders the entire provisio nugatory, as the Act contains no provisions inhibiting the sale of ardent spirits, not to be drank where sold; but this result is propuced by the very terms of the section under consideration, as to merchants, and although, somewhat inartificially expressed, does not admit of a different application in favor of the other enumerated elasses. This had its origin in the abundant caution of the Legislature to prohibit the mischiefs about which they were enacting, and should be left in operation, rather than defeat their clearly expressed objects. Application over-ruled.